701 F.2d 824
 Ali Galeb AHMED; Ali M. Albakri; Muhammed Ali Alhadi;
Roger N. Baker; Edward T. Barth; Arturo Cintron;
Julian Deveaux, et al., Appellants,
v.
AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY
ASSOCIATION, INC., et al., Appellees.
 No. 82-4116.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 17, 1983.
Decided March 17, 1983.
 
 Edward J. Niland, Michael G. Briski, The Boccardo Law Firm, San Jose, Cal., for appellants.
 Richard C. Brautigam, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, TANG and FARRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This cause was remanded to the district court, 444 F.Supp. 569, on the narrow question of the constitutionality of Sec. 167(4)[1] of the New York Insurance Law. Ahmed v. AM. S.S. Mut. Protection & Indemn. Ass'n, 640 F.2d 993 (9th Cir.1981). The district court declined to declare the statute unconstitutional and the plaintiffs appeal again to this court. We affirm.
 
 
 2
 The plaintiffs' theory is that the state's exemption of marine insurance carriers from the direct-action provision of 27 New York Insurance Law Sec. 167(1)(a)[2] unconstitutionally discriminates against injured seamen. The plaintiffs argue that because other tort victims have a direct action against the insurance carrier when the tortfeasor is insolvent, the exemption of marine insurance carriers from direct-action liability denies injured seamen equal protection of the law.
 
 
 3
 The district court found no basis for subjecting the statute to strict scrutiny and adequately distinguished the exemption from those statutes which have been declared invalid because they create invidious discrimination against disfavored classes.
 
 
 4
 The district court also failed to find any basis for subjecting the statute to an intermediate level of review. See, e.g., Plyler v. Doe, --- U.S. ----, 102 S.Ct. 2382, 2383, 2395, 72 L.Ed.2d 786 (1982). Substantially for the reasons stated by the district court,[3] we agree that the state did not deny equal protection when it granted plaintiffs in one class of lawsuits a right that it withheld from plaintiffs in another class of lawsuits.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Section 167(4) reads as follows:
 "The provisions of this section shall not apply ... to the kinds of insurance set forth in paragraph (c) of subsection two of section one hundred twelve."
 Section 112(2)(c) provides:
 "Notwithstanding the provisions of subsection one any licensed insurance broker may negotiate a contract of insurance, or place insurance, in an insurer not authorized to do business in this state, as follows:
 * * *
 "(c) marine insurance of the following kind or kinds: ...
 (1) insurance against perils of navigation ...;
 (2) insurance in connection with ocean going vessels against any of the risks specified in paragraph twenty-one of section forty-six."
 Section 46 provides in part:
 "The kinds of insurance which may be authorized in this ... are set forth in the following paragraphs....
 * * *
 "21. 'Marine protection and indemnity insurance' meaning insurance against, or against legal liability of the insured for, loss, damage or expense arising out of, or incident to, the ownership, operation, chartering, maintenance, use, repair or construction of any vessel, craft or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness or death or for loss of or damage to the property of another person."
 
 
 [2]
 Section 167(1)(a) provides:
 "No policy or contract insuring against liability for injury to person, except as stated in subsection three, or against liability for injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions [sic] or provisions which are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors:
 "(a) A provision that the insolvency or bankruptcy of the person insured, or the insolvency of his estate, shall not release the insurer from the payment of damages for injury sustained or loss occasioned during the life of and within the coverage of such policy or contract."
 3 U.S.Dist.Ct. for N. Dist. of Calif., Memorandum N.C. 75 0004 WTS (Jan. 28, 1982).